IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Haskell Thompson, | ) | C/A No. 3:05-1605-CMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| City of Columbia and City of Columbia. | ) | **ON DEFENDANT'S MOTION TO** |
| Police Officer W. Thomas, | ) | **DISMISS, TO STRIKE, AND FOR A** |
| | ) | **MORE DEFINITE STATEMENT** |
| Defendants. | ) | |
| | ) | |

This matter is before the court on motion of Defendant City of Columbia ("City") under Fed. R. Civ. P. 12(b)(6), 12(e), and 12(f) to dismiss, to strike, and for a more definite statement.

**Background**

The allegations in the complaint arise out of the events of June 23, 2003.[1] Plaintiff Haskell Thompson, a citizen of Richland County, was riding his bicycle at approximately 3:00 a.m. near the intersection of Mayer and Seabury streets in Columbia. Defendant City of Columbia Police Officer, W. Thomas ("Thomas"), approached Plaintiff and began to wave him down. According to City, Thomas had been dispatched to the area in reference to shots fired and to assist a Richland County Sheriff's deputy in locating a suspect who had fled on foot. Plaintiff, who claims that he is deaf, could see Thomas talking but could not hear what was being said. Plaintiff got off his bicycle and raised his arms to indicate to Thomas that he could not hear. When Plaintiff raised his arms, Thomas sprayed pepper spray at Plaintiff and struck Plaintiff with a club. Thomas knocked

---

[1] For purposes of this motion, the facts are considered in the light most favorable to Plaintiff, the non-moving party.

Plaintiff to the ground and pressed Plaintiff's head into the pavement. Plaintiff was then handcuffed, charged with public drunkenness and resisting arrest, and taken to the Richland County detention center. Plaintiff claims that he does not drink alcohol. The following morning, a municipal court judge dismissed the charges against Plaintiff.

Plaintiff filed this action on June 7, 2005 against City and Thomas. Against both Defendants, Plaintiff alleged causes of action for negligence *per se,* negligence, violation of 42 U.S.C. § 1983, assault and battery, intentional infliction of emotional distress, malicious prosecution, and false imprisonment.

City filed this motion, seeking to dismiss certain causes of action and to strike certain allegations. City also sought a more definite statement from Plaintiff as to the nature of the constitutional deprivations alleged in his § 1983 claim.

In response, Plaintiff noted his intention to file an amended complaint in this action and claimed the amendments may moot most, if not all, of the issues raised by City in its motion. Plaintiff also agreed to withdraw the negligence *per se* cause of action and the intentional infliction of emotional distress claim. In addition, Plaintiff agreed to the following:

1) That if Thomas were acting in the scope and course of his employment at the time of the incident, the properly named party would only be City;

2) To either withdraw the assault and battery cause of action or assert it only against Thomas;

3) To delete allegations relating to negligent hiring, supervision, and training of Thomas;

4) To delete allegations relating to City's failure to adopt and/or enforce certain policies;

2

> 5) To remove allegations of joint and several liability as to the state tort claims only;
>
> 6) That Plaintiff cannot recover punitive damages against City; and
>
> 7) To provide a more definite statement as to specific constitutional deprivations and violations in the amended complaint.

Because Plaintiff consented to the relief requested in paragraphs 2, 4, 7, 8, 9, 10, and 11 of City's motion, the motion is granted as to those paragraphs. The only remaining dispute is City's motion to dismiss Plaintiff's claims for negligence, assault and battery, malicious prosecution and false imprisonment.

## **Standard of Review**

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6) for Plaintiff's "failure to state a claim upon which relief can be granted," the court must determine whether the complaint, under the facts alleged and under any facts that could be proved in support of the complaint, is legally sufficient. *Eastern Shore Markets, Inc. v. J.D. Associates Limited Partnership*, 213 F.3d 175, 180 (4th Cir. 2000). "Because only the legal sufficiency of the complaint, and not the facts in support of it, are tested under a Rule 12(b)(6) motion, we assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *Id*. While it is imperative to take the facts in the light most favorable to Plaintiff, it is not necessary to accept the legal conclusions drawn from the facts, nor to accept as true unwarranted inferences, unreasonable conclusions, or arguments. *Id*. However, a Rule 12(b)(6) motion should only be granted in limited circumstances, when it "appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Rogers v. Jefferson Pilot Life Ins. Co.*, 883 F.2d 324, 325 (4th Cir. 1989) (*citing Johnson v. Mueller,* 415 F.2d 354, 355 (4th Cir. 1969)).

**Discussion**

I.      **Negligence**

City argues, and Plaintiff does not dispute, that the South Carolina Tort Claims Act prohibits suit against both a government employer and its employee for the same conduct. The Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.*, is the exclusive remedy for any tort committed by an employee of a governmental entity. S.C. Code Ann. § 15-78-70(a). "When bringing an action against a governmental entity under the provisions of this chapter, [Plaintiff] shall name as a party defendant only the agency or political subdivision for which the employee was acting and is not required to name the employee individually." S.C. Code Ann. § 15-78-70(c). In the event that the employee, in this case Thomas, is individually named, "the agency or political subdivision for which the employee was acting must be substituted as the party defendant." *Id*. An exception exists, however, for an employee who is proved to have been acting outside the scope of his official duties or who acted with actual malice or intent to harm. S.C. Code Ann. § 15-78-70(b).[2]

Plaintiff has not alleged whether or not Thomas was acting within the scope of his official duties when he performed the actions of which Plaintiff complains. However, Plaintiff does admit that if Thomas were acting in the scope and course of his employment at the time of the incident, that the properly named party would only be City. *Plaintiff's Memorandum in Opposition to Defendant City of Columbia's Motion to Dismiss*, p. 1.

City argues that it is entitled to a dismissal of the negligence claims against it, unless the claims are dismissed against Thomas. Plaintiff does not dispute this argument, offering only the

---

[2] "Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15-78-70(b).

4

above admission in response. The complaint alleges that Defendants acted with "gross negligence, recklessness and willfulness,"[3] but not that Thomas acted outside the scope of his official duties, or that Thomas acted with actual fraud, actual malice, intent to harm, or committed a crime involving moral turpitude. *See* S.C. Code § 15-78-70(b). If Plaintiff proves the facts as alleged in his complaint, and maintains that Thomas was acting within the scope of his official duties, it is not unwarranted to infer negligence with regard to City. At this point, however, the court is not able to assess whether or not this cause of action is asserted against City or Thomas. Because Plaintiff has indicated an intent to amend his complaint, the court declines to dismiss this cause of action against either Defendant at this time.[4]

## II.     Assault and Battery

Plaintiff agreed in his response that he would "either withdraw the assault and battery cause of action or only assert it against the individual defendant." *Plaintiff's Memorandum in Opposition*, p. 2. Because Plaintiff has indicated that he has no intention of asserting a claim for assault and battery against City, Plaintiff's cause of action for assault and battery is dismissed as to Defendant City.

## III.    Malicious Prosecution

City argues that Plaintiff's claim for malicious prosecution is barred by two provisions of the Tort Claims Act. First, S.C. Code Ann. § 15-78-60(17) provides that a governmental entity is not liable for a loss resulting from "employee conduct outside the scope of his official duties or which constitutes ... actual malice." City argues that actual malice is an element of a cause of action

---

[3] *Complaint*, ¶ 18.

[4] It should also be noted that "in most cases, gross negligence is a factually controlled concept whose determination best rests with the jury." *Faile v. South Carolina Dept. of Juvenile Justice,* 566 S.E.2d 536, 545 (S.C. 2002).

for malicious prosecution, though "actual malice" is not defined by the Tort Claims Act. Second, City argues that Plaintiff's malicious prosecution claim is barred by S.C. Code Ann. § 15-78-60(23) which provides that a governmental entity is not liable for a loss resulting from "institution or prosecution of any judicial or administrative proceedings." Under South Carolina law, the first element of a claim for malicious prosecution is "institution or continuation of original judicial proceedings, either civil or criminal."[5] *Jordan v. Deese,* 452 S.E.2d 838, 839 (S.C. 1995).

In his response, Plaintiff merely states that "malicious prosecution actions are not barred by the South Carolina Tort Claims Act" and refuses to withdraw this claim. *Plaintiff's Memorandum in Opposition,* p. 2 (emphasis in original). Plaintiff cites one case, *Pritchett v. Lanier,* 766 F.Supp. 442 (D.S.C. 1991), which permitted a malicious prosecution claim to go forward against two employees of a governmental entity, but the governmental entity itself was not a defendant.

It is fairly clear from the plain language of the statute, particularly § 15-78-60(23), that the legislature intended to exclude claims for malicious prosecution from the waiver of immunity for governmental entities in the Tort Claims Act. Plaintiff does not address City's argument that § 15-78-60(23) immunizes a *governmental entity* from such a claim. However, an *employee* of a governmental entity who acted with actual malice is excepted from the Act's immunity. "Nothing in this chapter may be construed to give an employee of a governmental entity immunity from suit and liability if it is proved that the employee's conduct was not within the scope of his official duties or that it constituted ... actual malice." S.C. Code Ann. § 15-78-70(b). *See also, Pritchett v. Lanier,*

---

[5] "To recover in an action for malicious prosecution, the plaintiff must show (1) the institution or continuation of original judicial proceedings, either civil or criminal (2) by, or at the instance of, the defendant (3) termination of such proceedings in plaintiff's favor (4) malice in instituting such proceedings (5) want of probable cause and (6) resulting injury or damage." *Gaar v. North Myrtle Beach Realty Co., Inc.*, 339 S.E.2d 887, 889 (S.C. App. 1986) (*citing Ruff v. Eckerds Drugs, Inc.*, 220 S.E.2d 649 (S.C. 1975)).

766 F.Supp. at 453 (permitting a plaintiff's cause of action for malicious prosecution to proceed against defendant highway patrolmen, because the claim required proof of malice in instituting the proceedings and facts existed which might support a jury finding of actual malice on behalf of defendants, though defendants were not prohibited from raising the defense of qualified immunity at trial).

Unless the actions giving rise to the malicious prosecution cause of action were without actual malice, City is immune from liability for "institution or prosecution of any judicial or administrative proceedings." However, because malice is an element of the tort of malicious prosecution, it is not possible for a claim to succeed in the absence of malice. The court concludes, therefore, that there is no set of facts alleged in the complaint or that could be proved to support Plaintiff's claim of malicious prosecution against City, a governmental entity. As *Pritchett* demonstrates, however, it may be possible for Plaintiff to state such a claim against Thomas.

### IV.     False Imprisonment

Plaintiff asserts a claim for false imprisonment, which presumably results from his allegedly unlawful arrest, though the complaint does not specify the conduct which forms the basis of this claim. City argues that Plaintiff's claim for false imprisonment should be dismissed because Thomas' arrest of Plaintiff for public drunkenness and resisting arrest was an initiation of judicial proceedings, and under S.C. Code Ann. § 15-78-60(23) City is immune from suit for initiation of judicial proceedings. City also claims that § 15-78-60(5) bars Plaintiff's claims. The discretionary immunity provision of the Tort Claims Act, § 15-78-60(5), provides that a governmental entity is not liable for a loss resulting from "the exercise of discretion or judgment by the governmental entity or employee or the performance or failure to perform any act or service which is in the

discretion or judgment of the governmental entity or employee."  In response, Plaintiff states that false imprisonment/false arrest actions are not barred by the Tort Claims Act and again cites only one case, *Gist v. Berkeley County Sheriff's Department*, 521 S.E.2d 163 (S.C. App. 1999).

In order to state a claim for false imprisonment, a plaintiff must show that (1) the defendant restrained him, (2) the restraint was intentional, and (3) the restraint was unlawful.  *Jones v. Winn Dixie Greenville,* 456 S.E.2d 429, 432 (S.C. App. 1995).  An action for false imprisonment may not be maintained where the plaintiff was arrested by lawful authority.  *Gist,* 521 S.E.2d at 165 (*citing Jones v. City of Columbia*, 389 S.E.2d 662 (1990)).  Lawfulness is determined by whether or not there was probable cause to make the arrest.  *Wortman v. Spartanburg*, 425 S.E.2d 18 (S.C. 1992).  "Probable cause is defined as a good faith belief that a person is guilty of a crime when this belief rests upon such grounds as would induce an ordinarily prudent and cautious person, under the circumstances, to believe likewise."  *Id* at 19.  The issue of probable cause is a question of fact and ordinarily one for the jury.  *Id*. at 20.

Unlike malicious prosecution, the underlying conduct constituting a cause of action for false imprisonment does not require proof of actual malice, fraud, intent to harm, or other elements which would exempt the conduct from immunity under § 15-78-60(17).  Furthermore, the elements of false imprisonment do not include "institution or prosecution of any judicial or administrative proceeding."  A cause of action for false imprisonment can exist without any accompanying proceeding at all.  Thus, § 15-78-6-(23) does not operate to bar this claim from being asserted against City.

Furthermore, the discretionary immunity defense is an affirmative one, requiring Defendant to prove that Thomas was faced with alternatives and actually weighed the competing

8

3:05-cv-01605-CMC     Date Filed 07/21/05    Entry Number 14     Page 9 of 10

considerations and made a conscious choice, and that he used accepted professional standards appropriate to resolve the issue. *Steinke v. South Carolina Dept. of Labor, Licensing and Regulation* 520 S.E.2d 142, 154 (S.C. 1999). Mere room for discretion on the part of the entity is not sufficient to invoke the discretionary immunity provision. *Sabb v. South Carolina State University,* 567 S.E.2d 231, 237 (S.C. 2002). Other than claiming that the arrest of a person necessarily involves the use of discretion and judgment, City has offered no proof that Thomas was actually faced with alternatives, weighed competing considerations, and made a conscious choice using professional standards to do so. City's conclusory statements are not sufficient to meet its burden of proving this affirmative defense. The court concludes, therefore, that City has not met its burden to show that no set of facts can be proved supporting Plaintiff's claim for false imprisonment against City.

## Conclusion

For the reasons set forth above, City's motion is granted in part and denied in part. Specifically, Plaintiff's cause of action for negligence *per se* is dismissed; Plaintiff's cause of action for intentional infliction of emotional distress and tort of outrage is dismissed; all allegations in the complaint that City was deficient in hiring, supervising, controlling, investigating, or disciplining Thomas are stricken; all allegations in the complaint that City was deficient in failing to have or enforce certain policies are stricken; the allegations of joint and several liability in the state tort claims, but not Plaintiff's constitutional claim, are stricken; Plaintiff's requests for punitive damages against Defendant City are stricken; and Plaintiff is ordered to make a more definite statement as to the nature of the constitutional deprivations alleged in his claim under 42 U.S.C. § 1983.

Furthermore, Plaintiff's causes of action for assault and battery and for malicious prosecution are dismissed, but only as to Defendant City. With regard the causes of action for negligence and false imprisonment, City's motion to dismiss is DENIED.

**IT IS SO ORDERED**.

                                         s/ Cameron McGowan Currie
                                         CAMERON MCGOWAN CURRIE
                                         UNITED STATES DISTRICT JUDGE

July 21, 2005
Columbia, South Carolina

C:\temp\notesB0AA3C\05-1605 tp Thompson v. City of Columbia - motion to dismiss.wpd